Curia, per Evans, J.
The land in dispute was originally the property of John T. McJunkin. As his property it had been sold three times, first in 1828, when it was purchased by one W. M. Thomson, who conveyed to Jos. A. McJunkin, by whom it was conveyed to the defendant, Abram McJunkin. This sale had been set aside by a decree in Chancery, and on the trial of this case, the defendants set up no claim to the land under it. It was again sold under an execution in favor of Malone, in 1833; At this sale it was bid off by Rogers, by whose order the sheriff made a title to the defendant, Abram McJunkin. Subsequently to this time, the plaintiff Gist revived by sci. fa. a judgment against John T. McJunkin in favor of one James Dugan, of whom Gist was the administrator. Under this judgment, the same land was again sold as J. T. Mc-Junkin’s and bid off for the plaintiffs, to whom the sheriff conveyed. This statement presents so much of the facts of the case as is necessary to understand the grounds upon which the decision of this court rests.
It is clear from this statement of the case, that the de *155 fendants’ title is older than the plaintiffs’, and must prevail, unless it be void, as the plaintiffs contend, for fraud; but the special verdict finds, expressly, that this sale, under which the defendants claim, is unaffected by fraud.
But the counsel for the plaintiffs contend, in their first and second grounds of appeal, that they were excluded by the Circuit Court from offering evidence which, if received, would have gone to establish the fraudulency of the sale of 1833. This excluded evidence consists of the sheriff’s deed to Thomson, the subsequent deed, whereby Thomson’s title was conveyed to Abram McJunkin, and the decree of Chancellor DeSausssure, made in 1830, setting aside the sale made in 1828, on the ground, as it would seem from the decree, that the fieri facias, under which the sale had been made, had been satisfied before the sheriff’s sale. I am at a loss to discover how these deeds and this decree could have proved any fraud in the sale, made three years after the first sale had been set aside. But in questions of fraud, there must, of necessity, be a great latitude allowed in the adduction of evidence, and if the plaintiffs have been excluded from the benefit of any evidence, which would establish their case, unless the court can see very clearly that the evidence was wholly irrelevant, the motion for a new trial should be granted.
The circuit Judge, in his report of the case, says, “I would not permit the plaintiffs to offer evidence of the contents of deeds, supposed to be in the defendants’ possession, because no notice to produce them had been given.” There is no doubt that this is the general rule, and it is admitted to be so in Lowry vs. Pinson, 2 Bail. 324, on which the plaintiffs’ counsel relies. But in that case it is said, where it relates to collateral circumstances, and an inference is deducible from the existence and execution of the deed, and not from its contents, parol evidence is admissible. It appears from the report of the presiding Judge “that the decree mentioned in the second ground of appeal, and all the proceedings in the Equity case, therein mentioned, were offered and received in evidence. Indeed every thing concerning the sale to Thomson, which that decree sets aside, was as fully presented to the jury, as if *156 the deeds mentioned in the first ground, had been formally offered.” It does not appear, therefore, that the plaintiffs have been deprived of any benefit arising from the rule laid down in Lowry vs. Pinson. The existence of the deeds and their execution were testified to and spoken of by the witnesses, and that was all that was necessary to the argument of fraud deducible from them.
The motion to reverse the decision of the Circuit Court, ordering the postea to be delivered to the defendants, is dismissed.
Richardson, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.